UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOHN MICHAEL MORRIS | * | CIVIL ACTION NO. |
| | * | |
| VERSUS | * | SECTION |
| | * | |
| SPENCER OGDEN, INC. AND | * | JUDGE |
| TRANSOCEAN OFFSHORE USA, INC. | * | |
| | * | MAGISTRATE |

*****************************************************************************

## COMPLAINT FOR DAMAGES UNDER THE JONES ACT, ETC.

**TO THE HONORABLE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA AND THE JUDGES THEREOF:**

The Complaint for Damages of John Michael Morris, a person of majority age, with respect represents:

1.

Made Defendants herein are:

A.     SPENCER OGDEN, INC., (hereinafter "Spencer Ogden"), a foreign corporation not authorized to do but doing business in the State of Louisiana and this judicial district at all material times; and

B.     TRANSOCEAN OFFSHORE, INC., (hereinafter "Transocean"), a foreign corporation authorized to do and doing business in the State of Louisiana and this judicial district at all material times.

### FOR A FIRST CAUSE OF ACTION

2.

At all material times, Plaintiff, John Michael Morris, was employed by Defendant, Spencer Ogdon, as a roustabout and assigned to the Deepwater Invictus, a 781 foot ultra-deepwater dual-activity drill ship, engaged in her intended service in Green Canyon block 520 on

the navigable waters of the Gulf of Mexico off of the Louisiana coast, for which job Plaintiff earned $19.00 per hour plus overtime, found and fringe benefits.

3.

At all material times, Defendant, Transocean, owned, operated and controlled the Deepwater Invictus, which operational control extended to the vessel's entire crew, including Plaintiff.

4.

On or about July 11, 2017, Plaintiff was performing or attempting to perform assigned vessel chores and follow vessel based orders during a cargo transfer operation aboard the Deepwater Invictus.

5.

On or about July 11, 2017, as a large cutting box located on the starboard side of the Deepwater Invictus was being lifted from the deck of the vessel by rig crane, a sling attached to the box began to get caught on the lip of the closed box lid.

6.

Plaintiff, as one of two roustabouts participating in the operation, called an all stop via rig radio to address the situation and free the sling.

7.

The rig crane operator complied with the all stop request and stopped the lift.  However, as soon as Plaintiff attempted to reposition the sling, the crane operator resumed the lift without verbal clearance from Plaintiff and crushed Plaintiff's right hand between the sling and the cutting box.

8.

The above-described casualty caused Plaintiff to suffer a severe crushing injury to his right hand, which injury has required and continues to require medical care and treatment, including surgery, as the result of the negligence of Defendant, Spencer Ogden.

9.

As the consequence of the events and occurrences described herein and the resulting severe, painful, permanent and disabling crushing injury to his right hand, Plaintiff, John Michael Morris, is entitled to damages in an amount reasonable under the circumstances of this cause.

10.

Jurisdiction over this first cause of action against Defendant, Spencer Ogden, is based upon the Jones Act, 46 U.S.C. §30104, *et seq*. and/or the general maritime law.

**AND FOR A SECOND CAUSE OF ACTION**

11.

Plaintiff re-avers and re-alleges each and every allegation of law and fact contained in the previous paragraphs of his Complaint as if replead herein to the extent that said allegations are necessary.

12.

The above-described casualty and the consequent severe crushing injury to Plaintiff's right hand was concurrently caused by the negligence of Defendant, Transocean, as owner of the Deepwater Invictus and employer of her crew, as well as the unseaworthiness of said vessel.

13.

As a consequence of the events and occurrences described herein and the resulting severe,

painful, permanent and disabling crushing injury to his right hand, Plaintiff, John Michael Morris, is entitled to damages in an amount reasonable under the circumstances of this cause.

14.

Jurisdiction over this second cause of action against Defendant, Transocean, is based upon the Jones Act, 46 U.S.C. §30104, *et seq*. and/or the general maritime law.

**WHEREFORE**, Plaintiff, John Michael Morris, prays for judgment in his favor and against Defendants, Spencer Ogden, Inc. and Transocean Offshore USA, Inc., for compensatory damages in an amount reasonable under the circumstances of this cause, for all taxable costs and interest as allowed by law, and for any additional general and equitable relief to which Plaintiff may be entitled herein.

Respectfully submitted,

/s/ Paul M. Sterbcow
PAUL M. STERBCOW (#17817)
IAN F. TAYLOR (#33408)
Lewis, Kullman, Sterbcow & Abramson, LLC
601 Poydras Street, Suite 2615
New Orleans, Louisiana 70130
Telephone: (504) 588-1500
Facsimile: (504) 588-1514
sterbcow@lksalaw.com
itaylor@lksalaw.com

**PLEASE SERVE:**

**TRANSOCEAN OFFSHORE USA, INC.**
Through their Agent for Process of Service:
Capital Corporate Services, Inc.
8550 United Plaza Building II, Suite 305
Baton Rouge, LA  70809

**PLEASE HOLD SERVICE:**

**SPENCER OGDEN, INC.**